UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -X

JOHN R. DURSO, et al.,

                Plaintiffs,

                              <u>ORDER</u>

      - against -

                              CV 2005-2100 (RJD)(MDG)

PSK SUPERMARKETS, INC.,

                Defendant.

- - - - - - - - - - - - - - - - - - -X

GO, United States Magistrate Judge:

    Defendant PSK Supermarkets, Inc. moves to compel the deposition of plaintiff John Durso in this action to collect allegedly delinquent fund contributions. Defendant argues that Durso's deposition is relevant to its defense that the collective bargaining agreement ("CBA") provision at issue is ambiguous. Because Durso was the lead union negotiator of the CBA, defendant contends that his testimony is necessary to determine the meaning of the relevant contract terms.

    For the reasons set forth below, defendant's motion to compel is denied.

## BACKGROUND

The CBA provision at issue is as follows:

> Contributions by the Employer for Tier B employees shall commence with the first month following twelve (12) months of continuous employment with the Company at the rates set forth below under "single coverage" and after twenty four (24) months at the rate under "family coverage." Contributions shall be made no later than the 15th of the month.

| Effective Date | Single Coverage | Family Coverage |
|---|---|---|
| Upon Ratification (If before July 1, 2003) | $60.00 per month | $135.00 per month |
| July 1, 2003 | $70.00 per month | $145.00 per month |
| July 1, 2004 | $75.00 per month | $155.00 per month |

Under the CBA, plaintiffs claim that after 24 months of employment, defendant must make contributions at the "family coverage" rate for every Tier B employee, regardless of whether that employee has any dependents. Defendant argues that the contract terms are ambiguous compelling the need for Durso's deposition as to the parties' collective bargaining history and intent.

## DISCUSSION

Defendant correctly notes that the Second Circuit has recognized the existence of an ambiguity in a collective bargaining agreement as a defense to a delinquent contribution action. See DeVito v. Hempstead China Shop, Inc., 38 F.3d 651, 653-54 (2d Cir. 1994) (ERISA fund is "not entitled to enforce a nonexistent contractual obligation"). Whether a contract contains ambiguous provisions is a question of law. See Haber v. St. Paul Guardian Ins. Co., 137 F.3d 691, 695 (2d Cir. 1998). A

contract provision is ambiguous when "it is reasonably susceptible to more than one reading." See id. "[W]hile extrinsic evidence can be used to interpret ambiguous CBAs, extrinsic evidence cannot alter the meaning of unambiguous terms." American Fed'n of Grain Millers v. Int'l Multifoods Corp., 116 F.3d 976, 980 (2d Cir. 1997) (internal citations omitted).

Here, the terms of the CBA unambiguously establish that defendant was obligated to pay contributions at the "family coverage rate" for every Tier B employee after 24 months of continuous employment. Because defendant has not offered an alternative reasonable interpretation of the CBA terms at issue, extrinsic evidence cannot change this interpretation. Thus, defendant's motion to compel Durso's deposition regarding the parties' intent in negotiating this provision is denied.

**SO ORDERED.**

Dated: Brooklyn, New York
March 2, 2006

/s/
MARILYN DOLAN GO
UNITED STATES MAGISTRATE JUDGE